# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### LAKE CHARLES DIVISION

| | |
|---|---|
| **MICHAEL W. OSBORNE** | **CIVIL ACTION NO. 05-1484-LC** |
| **VS.** | **SECTION P** |
| **CALCASIEU CORRECTIONAL CENTER, ET AL** | **JUDGE MINALDI** <br> **MAGISTRATE JUDGE WILSON** |

## REPORT AND RECOMMENDATION

Before the court is plaintiff Michael Osborne's *pro se* civil rights complaint (42 U.S.C. § 1983), filed *in forma pauperis* on June 24, 2005. Plaintiff is an inmate in the custody of the Louisiana Department of Corrections. He is currently incarcerated at the Jefferson County Correctional Facility in Beaumont, Texas, but he complains about events that occurred while he was an inmate at the Calcasieu Correctional Center (CCC) in Lake Charles, Louisiana. He names Calcasieu Correctional Center, Calcasieu Parish Sheriffs Department, the warden of Calcasieu Correctional Center, and attorney Marsha Norman as his defendants herein.

This matter has been referred to the undersigned for review, report, and recommendation pursuant to the provisions of 28 U.S.C. § 636 and the standing orders of the court.

## STATEMENT OF THE CASE

In his original petition, plaintiff states that he was arrested on June 18, 2004, in Lake Charles, Louisiana, on a detainer issued by the Texas authorities. Plaintiff was housed at CCC, and was transferred to Jefferson County Correctional Facility (JCCF) on July 29, 2004. Plaintiff claims that upon his transfer, he was informed by CCC staff that the $400.00 that he had in the inmate trust fund would be forwarded to JCCF within ten days of his departure from CCC. Plaintiff claims that he informed the prison officers that the address on his identification card was not current (it was his ex-wife's address), and that the money was to be sent to JCCF rather than to his ex-wife's address. However, it appears that

the money was sent to plaintiff's former address, said action forming the basis of his present suit. More specifically, plaintiff claims that CCC breached its duty of ordinary care in failing to send the funds to the instructed address, and that such action constituted deliberate indifference and gross negligence. Plaintiff also claims that as he did not have money to pay for medical expenses, treatment costs have been charged to his inmate account. As a result of the above, plaintiff seeks the return of his $400.00, plus interest, as well as $3000.00 to cover his medical expenses, $1000.00 in damages for defendants' gross negligence, and $1000.00 in "liability" damages.

As plaintiff's original petition was not filed on the proper forms, a deficiency notice was issued and he was instructed to re-file this matter in compliance with the filing rules. In keeping with the court's order, plaintiff filed a complaint on proper forms on September 26, 2005. In that complaint, plaintiff requested that the court order CCC to return his $400.00, plus interest, with interest.[1]

## LAW AND ANALYSIS

### 1. Frivolity Review

When a prisoner is allowed to litigate a civil rights complaint *in forma pauperis,* the district court is obligated to dismiss the case at any time if it determines that the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C.A. § 1915(e)(2)(B). See 28 U.S.C.A. § 1915A (stating that when a prisoner seeks redress from a governmental entity or one of its employees, the court shall review the complaint as soon as practicable and dismiss it if the court finds that the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief

---

[1] The court notes that in the "statement of facts" section of the complaint filed on 9/26/05, plaintiff provided information on his suit against his former Texas criminal attorney, Marsha Norman. However, given that the relief requested by plaintiff in both his original and amended complaints are based upon the actions involving the $400.00 in the inmate trust fund at CCC, the court will consider the claims asserted by plaintiff in his original complaint as the operative set of facts governing this matter.

2

against a defendant who is immune from such relief); 42 U.S.C.A. § 1997e(c) (providing that a district court shall on its own motion or the motion of any party dismiss a complaint by a prisoner regarding prison conditions if the court is satisfied the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant).

A claim is frivolous if it has no arguable basis in law or fact. *Nietzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir.1998) (quotation omitted). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir.1998).

While district courts are required to construe *in forma pauperis* complaints liberally, particularly in the context of dismissals under § 1915(e)(2)(B), they are, nonetheless, given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994). A complaint may not be dismissed under § 1915(d)(2)(B) "simply because the court finds the plaintiff's allegations unlikely." *Jolly v. Klein*, 923 F.Supp. 931, 942-43 (S.D.Tex.1996). A civil rights plaintiff must support his claim(s) with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). See *Wesson v. Ogleby*, 910 F.2d 278, 281 (5th Cir.1990) ("An *IFP* complaint that recites bare legal conclusions, with no suggestion of supporting facts, or that postulates facts of an entirely fanciful nature, is a prime candidate for dismissal under [§ 1915(d)(2)(B)]."). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint."

3

*Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Plaintiff's complaint sufficiently establishes his theories of liability, and the court is convinced that plaintiff has presented the best case which could be presented by him under the circumstances, and that further amendment of the pleadings would serve no useful purpose. Accepting all of plaintiff's allegations as true and giving plaintiff the benefit of every doubt, the court concludes, for the reasons stated hereinafter, that he has failed to state a claim for which relief may be granted and accordingly recommends dismissal of the complaint.

## 2. The *Parratt/Hudson Doctrine*

Section 1983 proscribes conduct by any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. §1983. Thus, an initial inquiry in a lawsuit filed under §1983 is whether plaintiff has alleged that his constitutional rights have been violated. If no constitutional violation has been alleged, there is no cognizable claim under §1983.

The Due Process Clause of the Fourteenth Amendment provides "nor shall any State deprive any person of life, liberty, or property, without due process of law." U.S. Constitution, Amendment XIV. However, jurisprudence makes it abundantly clear that a prisoner's claim for random deprivation of personal property is not cognizable under §1983. In *Parratt v. Taylor*, 101 S.Ct. 1908 (1981), a prisoner claimed that prison officials had negligently deprived him of his personal property without due process of law. The Supreme Court held that the prisoner was "deprived" of his property within the meaning of the Due Process Clause of the Fourteenth Amendment, but the Supreme Court ruled that the State's post-deprivation tort remedy provided all the process that was due. *Id.,* 101 S.Ct. at 1913. The Due Process Clause does not embrace tort law concepts. *Id.* Although a prisoner may be afforded a remedy under state tort law for deprivation of property, the Fourteenth Amendment does not afford the

4

prisoner a remedy. *Daniels v. Williams*, 106 S.Ct. 662, 667 (1986). Even in instances where intentional deprivation occurs, where an adequate state post-deprivation remedy is available, the Due Process Clause is not implicated. *Hudson v. Palmer*, 104 S.Ct. 3194 (1984); *Davis v. Bayless*, 70 F.3d 367 (5th Cir. 1995); *Murphy v. Collins*, 26 F.3d 541 (5th Cir. 1994). This principle known as the *Parratt/Hudson* doctrine rests on the premise that because the state is unable to predict random and unauthorized conduct, pre-deprivation remedies are not feasible. *Davis*, 70 F.3d at 375, citing, *Zinermon v. Burch*, 110 S.Ct. 975, 985-86 (1990) (distinguishing between random unauthorized conduct and a deprivation which results from predictable conduct authorized by a State).

In this case, plaintiff's allegations, accepted as true for purposes of this evaluation, indicate that the alleged deprivation was intentional, random, and unauthorized. If adequate state law remedies are available, no further due process is required under the Constitution. Louisiana law provides plaintiff the opportunity to seek redress for either the negligence of prison officials or an intentional tort (conversion) committed by employees of CCC. See, La. Civil Code, Article 2315. This provision of state law which is the general tort provision of the Civil Code provides all the process that is required, and thus, the Fourteenth Amendment is not implicated. *Charbonnet v. Lee*, 951 F.2d 638 (5th Cir.), *cert. denied*, 505 U.S. 1205, 112 S.Ct. 2994, 120 L.Ed.2d 871 (1992). A liberal construction of plaintiff's allegations fails to support a Fourteenth Amendment violation as the claim before the court is clearly barred by the *Parratt/Hudson* doctrine. Plaintiff's property deprivation claims are not a cognizable claim under §1983 and should be dismissed as frivolous pursuant to §1915(e)(2)(B)(i) and (ii). Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 15th day of November, 2005.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE